## WASH NICHOLS *v.* THE STATE OF MISSISSIPPI.

1. GRAND JURY — OBJECTIONS TO ORGANIZATION CANNOT BE RAISED BY PLEA OR OTHERWISE, AFTER IMPANELING. — No objections, by plea or otherwise, to the qualifications and competency of the grand jury can be made after they are impaneled.

2. INARTIFICIAL USE OF LANGUAGE AS TO RETURN AND FILING OF INDICTMENT. — It is evident, from the record, that the statute has been complied with, as to the return and filing of an indictment, inartificial use of language in expressing the facts will not constitute error.

3. INDICTMENT MUST CONFORM TO COMMON LAW OR STATUTE. — An indictment for manslaughter, which conforms neither to the common law nor the statute, is not sufficient.

4. INSTRUCTIONS — WHEN CORRECT IN PRINCIPLE AND APPLICABLE TO THE EVIDENCE, SHOULD BE GIVEN. — Instructions asked by the accused, which announce correct principles of law and pertain to the evidence before the jury, should not be refused by the court.

ERROR to the circuit court of Issaquena county. SHACKLEFORD, J.

The facts of this case are stated in the opinion of the court.

[No memorandum of any argument for plaintiff in error has come to the hands of the reporter.]

*J. S. Morris*, Attorney-General, for the state.

1. The first objection to the record, on the part of the plaintiff in error, is, that the process under which the sheriff summoned the grand jury was not regular. Upon this point it will be sufficient to say that the grand jury which found this indictment was composed of the men who had been legally selected by the board of supervisors for that purpose. The prisoner never could have excepted, even in the absence of our statute on the subject, to the manner in which their attendance was obtained; but our statute has expressly placed the matter beyond all doubt by two distinct and emphatic provisions. See Rev. Code of 1857.

2. No defect in the indictment, on account of the record not showing that it was presented in the technical manner

claimed by counsel in argument was pleaded or in any manner set up or alleged in the court below. The record contains no exception made in that court upon this point, and it is too late to attempt to take exception upon that point here, because this court is precluded, by its often repeated adjudications, from entertaining objections made here, which were not made in the court below.

3. The indictment, though not technically in the form of a common-law indictment for murder, is good in substance and sufficiently accurate in form under our statute. See Rev. Code. The exceedingly technical objection of the learned counsel to the effect that, under the facts alleged, murder might have been presumed, but not manslaughter, is one which we submit, with great deference, is more technical than rational, and is fully disposed of by this court in the recent case of Lee v. the State, 45 Miss. 114.

4. It is difficult to comprehend any force in the objection to the second instruction for the state. The learned counsel assert, evidently without reflection, that, if the evidence had shown the killing to have been involuntary, even then this instruction would have deprived his client of the legal consequence of either justification or excuse. This assumption leads immediately to the absurdity that an involuntary act shall be punished as a crime.

5. In their objection to the third instruction for the state, the learned counsel manifest an excessive pertinacity for the verbiage of the statute and an excessive indifference to its substance. They would have the identical phraseology used by the legislature spread out on the indictment as a child spreads butter on a biscuit, we submit that the language of the indictment conforms strictly and accurately in all its substance to the exact intention of the statute, and, if so, it is certainly sufficient. The same remarks are also applicable to the objections to the fourth instruction for the state.

6. The third instruction asked for by the accused and refused by the court was properly refused because not appli-

cable to any of the evidence.    There was no evidence of a merely "playful contest" or of any "accidental firing." On the contrary, the conduct of the accused was, to say the least, wanton and aggressive from the beginning.    The same is also true of the fifth and sixth, asked for by the defendant; they being good enough as abstract propositions, but wholly inapplicable to the facts.    And the instructions modified before being given contained a correct and, so as far as the prisoner is concerned, an exceedingly liberal exposition of the law applicable to the case.

Upon the question of the prisoner's guilt or misfortune, crime or accident, we deem it unnecessary to attempt any argument.    This question is exclusively one of fact and not of law.    Upon it, it was the province of the jury to respond. They have responded, and by their response, unless they were misled by the form of the indictment or the instructions of the court, the plaintiff in error must abide.

TARBELL, J. :

The plaintiff in error, upon an *indictment* charging him with manslaughter in the killing of one Gibby Jones by shooting, was tried and convicted at the November term, 1870, of the Issaquena county circuit court.    From the verdict and judgment a writ of error was prosecuted to have the proceedings in the case reviewed by this court.    A motion to quash the indictment was overruled, and this constitutes the first assignment of error.    Reference to the record fails to show grounds of the motion, so that we are not informed of the points to which the attention of the court below was directed.    In this state the motion to quash has been regarded in the nature of a demurrer, and the subject of exception and review, on error, though the authorities hold action upon it to be within the sound discretion of the court.    Bish. on Cr. Pr.    Treating the motion in this case as a general demurrer, the indictment and record are brought under review.    1 Bish. Cr. Pr.

The objection of counsel to the grand jury is met by art.

131, Code of 1857, p. 499, by which fraud alone is made the subject of challenge to the array, no other objection can be raised by plea or otherwise. Counsel objects that art. 257, Code, 614, was not observed. The record recites that, " on a later day of said term, to wit, on Thursday, 10th day of November, 1870, the following order was entered," to wit : " The grand jury returned into court several indictments, each indorsed "A true bill. L. T. Wade, foreman," which were received by the court and ordered to be marked 'filed' by the clerk, which was this day done, whereupon bench warrants were issued thereon returnable instanter, and the indictment upon which the defendant was tried is in the words and figures following." Then follows the indictment, indorsed with the title, "A true bill, L. T. Wade, foreman grand jury. Filed November 10, 1870, and *capias* issued."

This record is not as clearly expressed as it ought to be ; but, inferentially, the indictment upon which the accused was tried was the same presented by the grand jury, on the 10th of November, 1870, or one of the several presented on that day. The indictments were returned into court on the 10th ; they were received by the court, ordered filed, and bench warrants issued on the same day thereon. This indictment was filed by the clerk on the day named ; the accused was arrested on the *capias* issued thereon, entered into bonds for his appearance, and was tried upon the said indictment. Had the attention of the court been called to this particular subject, there is no doubt the facts were ample for a full and minute record. As it does not appear that this opportunity of correction was afforded at a time when, in the power of the court to permit it to be done, we give it less consideration than we otherwise would. Nevertheless, the clerk certifies that the indictment in the record is the one upon which the accused was tried, and it may be fairly inferred that the same was of the number presented by the grand jury on the 10th of November, 1870. On this point the record is unlike that in Hague v. the State, 34 Miss.

616, or in Laura, a slave, v. the State, 26 ib. 174. While an absolute defect will not be cured, or a positive fact supplied by presumption, yet, when the difficulty arises from the inartificial use of language, and it is evident the statute has been complied with, liberality will be indulged in support of the record.

To the indictment it is objected that, as the pleader has not literally followed the statute, the indictment in this case must be tested by the rules of the common law. The indictment charges that " Washington Nichols unlawfully, in and upon one Gibby Jones, feloniously and willfully, did make an assault with a certain gun, said gun being loaded with gun powder and a leaden bullet, and being then and there a deadly weapon, and him, the said Gibby Jones, with said gun, did then and there feloniously and willfully shoot, wound and kill."

Article 265, p. 615, Code of 1857, re-enacted in the Code of 1871, provides a very simple form of indictment in cases of murder and manslaughter, and, being thus simplified, ought to be literally followed. Under this statute it is only necessary, in case of manslaughter, to charge that the accused did "feloniously kill and slay" the deceased, omitting the attending facts and circumstances. But even this statute is not followed in the case at bar, nor does the indictment meet the requirements of the common law. If the statutory words were fully embraced, we would disregard the defective statement of facts, according to the common-law tests, but the indictment conforms to neither. It is proper to adopt either course. It is unnecessary to mingle both forms. When challenged, however, the indictment must be sufficient, according to the one or the other standard. The statutory regulation, prescribing the words in which murder and manslaughter may be charged, is recommended as generally appropriate and prudent.

The third assignment of error is, "the court erred in refusing to give the third, fifth and sixth instructions asked by defendant." These instructions are : 3d. "If the jury

believe, from the evidence, that the killing occurred in the course of an amicable or playful personal contest between the deceased and the defendant, for the possession of the pistol, and that in such contest the pistol fired accidentally and produced thereby the death wound, they will find the defendant not guilty." 5th. "If the jury believe, from the evidence, that the deceased came to his death by the discharge of a pistol, the possession of which, at the time of such discharge, was the subject of an amicable or playful personal contest between the deceased and the defendant, and that such discharge was the result of such contest, and that it is a matter in which the jury have a reasonable doubt, arising from the evidence in the case, as to whether the pistol was fired by the defendant or by the deceased, they will find the defendant not guilty." 6th. "If the jury have a reasonable doubt, arising from the evidence in the case, as to whether the deceased came to his death by his own negligent act, or that of the defendant, they will find the defendant not guilty."

The court erred in refusing to submit to the jury, substantially, the leading propositions involved in the instructions above quoted, and asked by the accused, as the questions therein propounded were authorized by the evidence. Jacob Slimp testified: That the accused and deceased were "playing and scuffling for the pistol." Again he says, "When I last saw them they were playing with the pistol, and Gibby was trying to take the pistol away from Wash."

Anthony Chism testified: "Gibby then called Wash. and he rode over to where Gibby was, and Wash. said to Gibby, 'show me your ———.' Gibby said, 'I don't want to have no fooling.' Gibby then reached up to try to take the pistol from Wash." Witness then turned away to work, and had his back to the parties when the pistol fired. Neither of the witnesses saw the pistol fired; each had turned away to work as the deceased reached up for the pistol; each gave substantially the same testimony. Upon

this testimony the accused had a right to have the issues contained in the third, fifth and sixth charges asked by him and refused by the court passed upon by the jury. Regarding this refusal as erroneous, the accused is entitled to another trial. In reaching this conclusion we shall be understood as neither expressing nor entertaining any opinion as to the guilt or innocence of the plaintiff in error.

The judgment is reversed, the indictment is quashed, and the accused is ordered to be detained in custody by the authorities of Issaquena county, to await the future action of the circuit court of that county.